CLAUDE CARLISLE v. THE STATE.

No. 19490.   Delivered March 9, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*B. L. Palmer, Richard Smith,* and *Sam W. Davis,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of rape; his punishment was assessed at confinement in the State Penitentiary for five years.

Appellant strenuously insists that the evidence is not sufficient to justify and sustain his conviction. A careful review of the testimony leads us to a different conclusion.

The record shows that on the night of September 10, 1935, three young couples went out South Main Street in the city of Houston to visit a dance hall. They remained only a short time and then went for a drive; soon thereafter, one couple went home. Appellant and the injured person rode in the rumble seat of the car; the other couple rode in front. They drove to a point on North McGregor Drive, took a by-road, drove a short distance and parked. Appellant and the injured party got out, and took the cushion of the rumble seat and placed it on the bank of Bray's Bayou, where they sat and talked and watched the moonlight play upon the murky waters of the historic stream. The other couple, who remained in the car, claimed that they went to sleep within a few minutes after the car was parked and heard no screams or calls for help. Prosecutrix testified that after they had sat on the cushion for awhile, appellant, by force and against her will, had sexual intercourse with her. She said that she called for help, bit and pinched him, tried to shove him off, and resisted him with all her might until exhausted. Upon consummation of the act, she arose, went to the car, and asked to be taken home. She refused to ride back to the city in the rumble seat with appellant. Upon reaching home, she related the occurrence to her aunt with whom she was making her home at the time. A doctor examined her that night; another the next day. Both testified that her privates were badly lacerated and the hymen recently ruptured. No marks of violence were otherwise noticeable. Appellant testified that he met the young lady for the first time on the night in question; that he had sexual intercourse with her, but with her consent. He admitted that during the act she bit him and he struck her in the face to get her teeth from his chin. A day or two after the

occurrence, appellant quit his job and left the city, indicating flight.

If appellant's story is true, the act of intercourse was with her consent. If her testimony is true, it constituted rape. The issue thus formed was an issue of fact which the jury, who are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony, decided adversely to him. He contends, however, that prosecutrix' testimony is so improbable that it does not comport with human experience; that it is not entitled to any credit. He bases his contention on the fact that if she had resisted, screamed or called for help, the couple in the car only a short distance away, would have heard her; that if he had hit her in the face every time she called for help there would have been some evidence of it visible. He admitted that she bit him and he admitted that he struck her in the face. If she was torn and lacerated as shown by her testimony and that of the two doctors, it would seem unnatural that she would bear such tortures without an audible sound of distress. Again it would seem improbable that a virtuous girl, and it is conceded that she was virtuous, would willingly engage in such an act with a man whom she had only met a few hours previous. Appellant cites us to a number of rape cases which this Court reversed because the testimony of prosecutrix was improbable and did not comport with human experience. It is noted that the facts of each are different from the instant case in some material respect. Each case must be determined by its own facts. We think the testimony adduced by the State, if believed by the jury, justified their conclusion of appellant's guilt, and this Court, under the record as here presented, would not be justified in disturbing their verdict.

No error appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant earnestly insists that the evidence is insufficient to support a conviction of rape. We have again reviewed the testimony of the witnesses who testified upon the trial. In addition to the statement of the facts in the original opinion, we quote from the testimony of State's witness, Fred Redding, as follows:

"After we left the cafe I talked to Claude about the actions and attitude of Miss Sue. I asked him what he had done. He said that Sue had bit him on the lip and that he had had intercourse with her. He did not use the word 'intercourse'; (*he used a vulgar word instead*). [Italics ours.] He said that he held her down and had intercourse with her. * * *. He said she bit him and pinched him to try to keep him from having intercourse with her. I then took him home, and I went home."

From our re-examination of the record we are led to the conclusion that the evidence is sufficient to support the conviction, and that the proper disposition of the case was made upon the original hearing.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.